Michael J. Hanson
Call & Hanson, P.C.
413 G Street
Anchorage, AK 99501-2126

Phone:    (907) 258-8864
Fax:      (907) 258-8865
E-Mail:  mjh@chklaw.net

Attorneys for National Casualty Company,
An Ohio Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIONAL CASUALTY COMPANY, an Ohio Corporation,<br><br>       Plaintiffs,<br><br>vs.<br><br>JESSIE L. BARKSDALE, ALASKA SALES & SERVICE d/b/a/ NATIONAL CAR RENTAL/ALAMO, and CHARLENE MARIE SEAMON,<br><br>       Defendants. | Case No.: _____ |

**COMPLAINT FOR DECLARATORY RELIEF**
**(28 U.S.C. §§ 2201 and 2202)**

      **I.    COMPLAINT FOR DECLARTORY RELIEF**

National Casualty Company, by and through its counsel of record, Call & Hanson, P.C., hereby asserts its complaint for declaratory relief as follows:

**Parties:**

1.    National Casualty Company is organized and existing under the

laws of Ohio with its principal place of operation in Scottsdale, Arizona.

2. National Casualty Company issued its policy of insurance to Alaska Sales & Service, Inc., d/b/a National Car Rental and Alamo Rent-a-Car for the period 12/31/2015 to 12/31/2016 under policy number CAO7766664.

3. National Casualty Company is authorized to transact business in the State of Alaska, has paid all required taxes and fees, has filed all required reports, and has satisfied all other conditions precedent to bringing and maintaining this action.

4. Defendant Jessie L. Barksdale upon information and belief resides in Chatham, Virginia.

5. Alaska Sales & Service, Inc. d/b/a National Car Rental and Alamo/Alamo Rent-a-Car is an Alaska corporation in good standing and operates a franchise rental car business under the name of National Car Rental and Alamo Rent-a Car.

6. Upon information and belief defendant Charlene Marie Seamon is a resident of the State of Alaska.

## II.   JURISDICTION AND VENUE

7. This is an action for declaratory relief under 28 U.S.C. § 2201 and for such additional and further relief as may be required to enforce its declaratory judgment in accordance with 28 U.S.C. § 2202.

8. This court has subject matter jurisdiction under 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between citizens of different states with National

Casualty being considered a resident of the State of Ohio and all the defendants being considered residents of the State of Alaska or Virginia. No defendant is a resident of Ohio.

9. In accordance with 28 U.S.C. § 1391(b)(1) and (2), venue in this district is appropriate as the accident occurred in this district, the insured is a resident of this district, and the litigation, which gives rise to this declaratory judgment action, was filed by the plaintiff in this district.

### III. STATEMENT OF THE CASE.

10. The instant action arises from a car accident on July 27, 2016, occurring in Fairbanks, Alaska, involving a rental vehicle driven by renter Jessie L. Barksdale and owned by Alaska Sales & Service d/b/a National Car Rental and Alamo Rent-a-Car (hereinafter "Alamo"), and a vehicle owned and driven Charlene Seamon. National Casualty is informed and believes the personal auto insurance liability limits of Jessie L. Barksdale are insufficient to compensate Charlene Seamon for her injuries from the July 27, 2016 incident.

11. National Casualty Company issued a commercial auto insurance policy to Alamo which contains a $50,000 liability limits for vehicle renter Jessie L. Barksdale. National Casualty Company has offered the applicable $50,000 liability limit to Charlene Seamon on Jessie L. Barksdale's behalf for the July 27, 2016 incident.

12. Charlene Seamon, however, rejected the applicable $50,000 liability limit. Instead, Charlene Seamon mistakenly insists Jessie L. Barksdale booked his rental vehicle through a non-existent corporate account

that Alaska Airlines has with Alamo, such that she wrongfully believes a $2,000,000 liability limit for designated commercial accounts applies. Jessie L. Barksdale, however, did not book this rental vehicle through a corporate account. As well, Jessie L. Barksdale was on vacation during the rental period and was not acting as an employee working for an employer for any corporate account with Alamo, and no written contract exists between Alaska Airlines and Alamo for a designated corporate account.

13. National Casualty seeks declaratory relief that the applicable liability limit for the renter Jessie L. Barksdale in the National Casualty Company policy issued to Alamo is $50,000 and not the $2,000,000 requested by defendant Charlene Seamon.

## IV. FACTUAL ALLEGATIONS

**A. The National Casualty Policy Shows the Applicable Liability Limit for Renters Who Do Not Rent a Vehicle Designated Corporate Accounts is $50,000 for Each Person.**

14. National Casualty issued commercial auto policy number CAO7766664 to Alaska Sales & Service, Inc., National Car Rental/Alamo ("Alamo"), for the policy period from December 31, 2015 to December 31, 2016.

15. The National Casualty policy contains a Daily Auto Rental Endorsement, from CA-98 (10-06). (Exhibit A)

16. The Daily Auto Rental Endorsement designates an "insured" to include the "rentee," defined as "a holder of the 'rental agreement' with [Alamo] which provides for the holder's use of an 'auto' for a period of less than a year."

COMPLAINT FOR DECLARATORY RELIEF - (28 U.S.C. §§ 2201 and 2202)
*National Casualty v. Barksdale, et al.*
Page 4

The Daily Auto Rental Endorsement defines a "rental agreement" to mean "the 'auto' rental contract between [Alamo] and the 'rentee.' This agreement states the limit of liability you are providing the 'rentee.'"

17. The Daily Auto Rental Endorsement states the applicable liability limit for the "rentee" is $50,000 for each person and $100,000 for each accident as follows:

> The Limit of Insurance for Liability Coverage provided for this policy for the "rentee" is the limit shown in the SCHEDULE of this endorsement or the limits specified by a compulsory or financial responsibility law of the jurisdiction in which the accident occurred.

**SCHEDULE**

STATE: <u>AK</u>  "Bodily Injury" Liability:  <u>$50,000</u> Each Person

<u>$100,000</u> Each "Accident"

"Property Damage Liability:<u> $25,000</u> Each "Accident"

18. The Daily Auto Rental Endorsement provides a $2,000,000 bodily injury and property damage liability limit for designated commercial accounts under a written contract as follows:

> The "rentee" limit of liability contained in a written "insured contract" between the "insured" and specific commercial accounts designated by the "insured" shall be considered to be the Limit of Liability contained in the 'rental agreement'; however, our Limit of Liability for any "rentee" shall not exceed the limit stated in the

Corporate Schedule of this endorsement.

**CORPORATE SCHEDULE**

"Bodily Injury" and "Property Damage"

Liability Combined: $2,000,000 Each "Accident"

**B. Jessie L. Barksdale's Rental Vehicle with Alamo Was Booked Through an Alaska Airlines Vacation Package, Not a Corporate Account. Alaska Airlines Does Not Have a Corporate Account with Alamo, and No Written Contract Exists Between Alaska Airlines and Alamo.**

19. Jessie L. Barksdale entered into a rental agreement with Alamo to rent a silver Dodge Caravan from July 26, 2016 to July 31, 2016.

20. National Casualty is informed and believes Jessie L. Barksdale booked his flight and rental car as a package deal on the Alaska Airlines website. The website for Alaska Airlines' vacation packages shows customers, like Jessie L. Barksdale, can book "<u>flights</u>, hotel, <u>car rental</u> and sightseeing adventures quickly and easily, all in one convenience spot. (Emphasis added). (See attached screenshot as Exhibit B)

21. National Casualty is informed and believes Jessie L. Barksdale did not book his rental vehicle through any corporate account. National Casualty also is informed and believes Jessie L. Barksdale did not book his rental vehicle through a corporate account with Alaska Airlines.

22. National Casualty is informed and believes Alaska Airlines does not have a corporate account with Alamo during all relevant times, and no written

contract exists for a designated commercial account between Alaska Airlines and Alamo.

23.   National Casualty is informed and believes Jessie L. Barksdale was not, at all relevant times, an employee of Alaska Airlines.

24.   National Casualty is informed and believes Jessie L. Barksdale entered into this rental agreement for vacation and leisure purposes, and Jessie L. Barksdale was not visiting Alaska during the course and scope of any employment during the rental period.

**C.     The July 27, 2016 Incident.**

25.   On July 27, 2016, a vehicle accident occurred in Fairbanks, Alaska, involving a rental vehicle driven by renter Jessie L. Barksdale and owned by Alamo, and a vehicle owned and driven by Charlene Seamon.

**D.     The Underling Action.**

26.   Charlene Seamon filed suit against Jessie L. Barksdale and the State of Alaska Department of Transportation, in the Alaska Superior Court, Fourth Judicial District at Fairbanks, Case No. 4FA-17-01340 CI, due to injuries suffered from the July 27, 2016 incident.

**E.     National Casualty's Offer of its $50,00 Limit**

27.   National Casualty has offered its $50,000 liability limit for vehicle renter Jessie L. Barksdale, which Charlene Seamon declined.

**F.     The Dispute over Liability Limits under the Daily Auto Rental Endorsement.**

28.   A dispute has arisen over the applicable liability limit under the

Daily Auto Rental Endorsement for Jessie L. Barksdale, despite that (1) Jessie L. Barksdale did not book his rental vehicle with Alamo through any corporate account; (2) Alaska Airlines does not have a corporate account with Alamo during all relevant times, and no written contract exists between Alaska Airlines and Alamo for a designated commercial account under the Daily Auto Rental Endorsement in the National Casualty policy; (3) Jessie L. Barksdale was not, at all relevant times, an employee of Alaska Airlines; and (4) Jessie L. Barksdale entered into his rental agreement for vacation and leisure purposes, and Jessie L. Barksdale was not visiting Alaska during the course and scope of any employment during the rental period.

## CAUSE OF ACTION FOR DECLARATORY RELIEF
### [To Determine the Applicable Liability Limit]

29. National Casualty realleges and incorporates by reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

30. An actual controversy has arisen and now exists between National Casualty and Defendant Charlene Seamon concerning the applicable liability limit under the National Casualty policy, in that the National Casualty policy states the applicable liability limit is $50,000 for each person, and Defendant Charlene Seamon contends otherwise.

31. National Casualty contends the applicable liability limit is $50,000 for each person because: (1) Jessie L. Barksdale did not book his rental vehicle with Alamo through any corporate account; (2) Alaska Airlines does not have a corporate account with Alamo during all relevant times, and no written

contract exists between Alaska Airlines and Alamo for a designated commercial account under the Daily Auto Rental Endorsement in the National Casualty policy; (3) Jessie L. Barksdale was not, at all relevant times, an employee of Alaska Airlines, and (4) Jessie L. Barksdale entered into this rental agreement for vacation and leisure purposes, and Jessie L. Barksdale was not visiting Alaska during the course and scope of employment during the rental period.

32. As National Casualty has no other speedy or adequate remedy at law for resolution of this controversy, National Casualty requests that this Court declare and decree that the applicable liability limit under the National Casualty policy for Jessie L. Barksdale is $50,000 per each person, as stated in the National Casualty policy.

## PRAYER FOR RELIEF

Wherefore, National Casualty prays for relief as follows:

1. For a declaration that the applicable liability limit under the National Casualty policy issued to Alamo, for vehicle renter Jessie L. Barksdale, is $50,000 for each person, as stated in the National Casualty policy, and not $2,000,000 as alluded to by defendant Seamon.

2. For pre-judgment and post-judgment interest.

3. For costs of suit herein.

4. For such other and further relief as this Court may deem just and proper.

|  |  |
|---|---|
|  | CALL & HANSON, P.C.<br>Attorneys for Plaintiff National Casualty |
| Dated: October 13, 2017 | By:   s/Michael J. Hanson<br>Michael J. Hanson<br>413 G Street<br>Anchorage, AK 99501-2126<br>Phone: (907) 258-8864<br>Fax: (907) 258-8865<br>E-mail: mjh@chklaw.net<br>ABA No.: 8611115 |